IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert, ) | C/A No.  3:12-3485-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WLTX News; WIS; WOLO; and The State ) Newspaper, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Robert Fletcher Herbert, ("Plaintiff"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges he was charged with certain criminal law violations in Lexington County and, after he was released from jail on a bond on or about April 16-20, 2012, the defendants broadcasted and/or published his name in the news. (Compl., ECF No. 1 at 3-4.) He indicates that the defendants' addresses are in Columbia, South Carolina, and he that he lives in Lexington, South Carolina. (ECF No. 1 at 2; ECF No. 10.) Plaintiff alleges that the content of the defendants' broadcast and/or publication was such that people in the community called him a thief and a maniac, and, as a result of the defendants' actions, he lost his job, his home, and his pride. (Compl., ECF No. 1 at 3-4.) Further, he alleges that WLTX placed derogatory information about him on its "Facebook

website," and then he was bullied on it.  (Id.)  Plaintiff alleges that the defendants destroyed his life by communicating derogatory information about him in their news.  (Id.)  Plaintiff alleges the defendants violated his rights under the Fourth Amendment, and they defamed and slandered his character.  (Id. at 5.)  He seeks damages.  (Id.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges a Fourth Amendment violation, he failed to state a claim on which relief may be granted because none of the defendants are alleged to have acted under color of state law.  "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."  Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012). Generally, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000). Here, the defendants are private media companies, and Plaintiff does not allege any facts that would indicate that the defendants acted on behalf of the state government or that



their conduct was fairly attributable to the state. Thus, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983.

Moreover, Plaintiff brings a claim based on the defendants' alleged defamation of his character by slander or libel, but he cannot bring this claim in this federal court pursuant to § 1983. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn.3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago Cnty. Dep't of Soc. Serv., 489 U.S. 189, 200-203 (1989).

South Carolina law does provide a cause of action for defamation. See Erickson v. Jones St. Publishers, L.L.C., 629 S.E.2d 653, 664-65 (S.C. 2006) (discussing the tort of defamation). A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). Generally, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See id.; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. Central West Virginia Energy Co., 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and the defendants are domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this court has no diversity jurisdiction over this action.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. In light of the court's recommendation, Plaintiff's motions for summary judgment should be terminated. (ECF Nos. 17 & 20.)

									_____
									Paige J. Gossett
									UNITED STATES MAGISTRATE JUDGE

March 4, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).