IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Fletcher Herbert, | ) | C/A NO.  3:12-3485-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| WLTX News; WIS; WOLO; and The State | ) | |
| Newspaper, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* motion for reconsideration and to amend. ECF No. 28.  On June 27, 2013, Plaintiff filed a multi-page document which cites all of Plaintiff's pending and closed cases,[1] and which seeks relief on a variety of matters.  As relates to this matter, Plaintiff seeks reconsideration of the dismissal of this matter and to amend in this closed case.  ECF No. 28.[2]  Included in this same document is Plaintiff's notation that "I want to appeal all these cases." *Id. at 3.*

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court

---

[1]Since November 2012, Plaintiff has filed seven (7) civil actions in this Court:  *Herbert v. Gooding, et al.*, DSC Civil Action No. 3:12-2621-CMC-PJG; *Herbert v. WLTX News, et al.*, DSC Civil Action No. 3:12-3485-CMC-PJG (dismissed without prejudice on 3/25/13); *Herbert v. Treaster, et al.*, DSC Civil Action No. 3:13-262-CMC-PJG; *Herbert v. State of South Carolina, et al.*, DSC Civil Action No. 3:13-453-CMC-PJG (dismissed with prejudice and counted as strike under 28 U.S.C. § 1915(g) on 5/21/13); *Herbert v. Weed*, DSC Civil Action No. 3:13-1343-CMC-PJG; *Herbert v. Prestigiacomo*, DSC Civil Action No. 3:13-1354-CMC-PJG; and *Herbert v. Stoudemire*, DSC Civil Action No. 3:13-1570-CMC-PJG.

[2]This document was filed separately in all the civil actions listed in note 1, receiving a separate document number in each case.

of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. United States Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir.1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir.1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." *United States v. Swint*, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

This court is without jurisdiction to address Petitioner's motions and they are, therefore, **dismissed**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 2, 2013

2